United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Richardson Burgess
      Debtor

Case No. 19-11543-mdc
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2　　User: PaulP　　　　　Page 1 of 1　　　　Date Rcvd: Sep 04, 2019
　　　　　　　　　　　Form ID: pdf900　　Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 06, 2019.
db　　　　　+Richardson Burgess,    139 Crum Creek Road,    Woodlyn, PA 19094-1908

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 0

　　　　　***** BYPASSED RECIPIENTS *****
NONE.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 06, 2019　　　　　　　　　　　　　　　　　Signature:　/s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 4, 2019 at the address(es) listed below:
　　　　　ASHLEY M. SULLIVAN    on behalf of Debtor Richardson  Burgess asullivan@freedmanlorry.com,
　　　　　 hbanks@freedmanlorry.com
　　　　　JASON BRETT SCHWARTZ    on behalf of Creditor   Capital One Auto Finance
　　　　　 jschwartz@mesterschwartz.com
　　　　　KEVIN G. MCDONALD    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a
　　　　　 Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust
　　　　　 bkgroup@kmllawgroup.com
　　　　　United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
　　　　　WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
　　　　　 philaecf@gmail.com
　　　　　WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Richardson Burgess<br>    Debtor<br><br>Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust<br>    Movant<br>vs.<br><br>Richardson Burgess<br>    Debtor<br><br>Constance Burgess<br>    Co-Debtor<br><br>William C. Miller, Esquire<br>    Trustee | CHAPTER 13<br><br><br>NO. 19-11543 MDC<br><br><br><br>11 U.S.C. Sections 362 and 1301 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,552.68,** which breaks down as follows;

Post-Petition Payments:  April 2019 to July 2019 at $1,130.42/month
Fees & Costs Relating to Motion: $1,031.00
**Total Post-Petition Arrears** **$5,552.68**

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on August 1, 2019 and continuing through January 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,130.42** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$925.45 from August 2019 to December 2019 and $925.43 for January 2020** towards the arrearages on or before the last day of each month at the address below;

MIDLAND MORTGAGE
999 N.W. Grand Boulevard, Suite 100
Oklahoma City, OK 73118-6116

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 23, 2019

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Date: 8/28/19

Ashley M. Sullivan, Esquire
Attorney for Debtors

**NO OBJECTION**

Date: 8/30/19

William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this  4th  day of      September      , 2019. However, the court retains discretion regarding entry of any further order.

*Magdeline D. Coleman*

Chief U.S. Bankruptcy Judge
Magdeline D. Coleman