IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  : Chapter 13
: Case No. 19-11543-mdc
RICHARDSON BURGESS,  : Consent Order Settling
: Capital One Auto Finance,
Debtor  : a division of Capital One, N.A.'s
: Motion For Relief From The Automatic
: Stay Pursuant To 11 U.S.C. § 362

AND NOW, this 12th day of November, 2019, this matter having come before this Court upon application of Capital One Auto Finance, a division of Capital One, N.A. (hereinafter referred to as "COAF"), a secured creditor of the above-named Debtor, by its counsel, for relief from the automatic stays pursuant to 11 U.S.C. § 362;

AND it appearing that Debtor, *Richardson Burgess*, through Debtor's attorney, *Vladislav Kachka, Esquire*, have reached an agreement with regard to said Motion for Relief regarding a 2015 INFINITI Q50 Sedan 4D Sport AWD V6, V.I.N. JN1BV7AR2FM399353 (the "Vehicle"), as per the terms contained in this Order;

AND, it appearing that Debtor is indebted to *COAF* on a loan which enabled Debtor to purchase said Vehicle, which loan terms are set forth in a Retail Installment Contract (the "Contract"); and

It appearing that *COAF* is the holder of a secured claim against the Debtor and;

It appearing that the Debtor is in arrears post-petition in the amount of *$1,854.61* ($1,548.61 in missed payments, plus $306.00 in attorney's fees and costs) as of October 17, 2019;

It appearing that the Debtor and *COAF* have reached an agreement to cure post-petition arrears and attorney's fees and costs, the Debtor agrees to pay *$309.11* monthly beginning November 12, 2019 for the next six (6) months (with payments due on the twelfth of each month) to cure said arrears, while making regular monthly post-petition payments ($221.23 per the Contract) due under the Contract beginning with the November 12, 2019 payment for a total monthly payment from November 12, 2019 through April 12, 2020 of *$530.34*, wherefore,

It is hereby ORDERED and DECREED that if Debtor shall fail to make the regular monthly payment (or any portion thereof) or fail to make payment toward the curing of the arrears

as set forth above and Debtor fails to cure said default within ten (10) days after notice by *COAF* (or its counsel) of said default, counsel for *COAF* may file a Certification of Default with the Court setting forth Debtor's default and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362), and *COAF* is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law. The Debtor shall be allowed to default and cure such default under this Consent Order one (1) time. Should Debtor default a second (2nd) time, notice of the default will be served, but the Debtor will not be granted an opportunity to cure the default and counsel for *COAF* may file a Certification of Default with the Court setting forth Debtor's default and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362).

It is FURTHER ORDERED and DECREED that in the event Debtor converts to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code then Debtor shall pay all pre-petition arrears and post-petition arrears within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtor fails to make payment in accordance with this paragraph then *COAF*, through Counsel, may file a certification setting forth said failure and *COAF* shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362) and *COAF* is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

The failure by *COAF*, at any time, to file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of *COAF's* rights hereunder.

This Order is a supplement and in addition to the Contract and not in lieu thereof.

Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

It is further Ordered that the fourteen (14) day stay provided by Rule 4001(a)(3) is hereby waived.

BY THE COURT:

*Magdeline D. Coleman*

Magdeline D. Coleman
CHIEF U.S. BANKRUPTCY JUDGE

Post-Petition Arrears:   $ 1,548.61
Counsel Fees:            $   306.00
*Total:*                 *$ 1,854.61*

Creditor: Capital One Auto Finance,
a division of Capital One, N.A.
By Counsel: Mester & Schwartz, P.C.

By: _____
Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1333 Race Street
Philadelphia, PA 19107
(267) 909-9036

DATED: 10/29/19

Seen and agreed to -- We hereby consent to the form and entry of the foregoing Order.

Debtor: Richardson Burgess
By Counsel for Debtor: Vladislav Kachka, Esquire

By: _____
Vladislav Kachka, Esquire
Freedman and Lorry, P.C.
1601 Market Street
Suite 1500
Philadelphia, PA 19103
(215) 925-8400
DATED: Oct. 28, 2019

**No Objection:**

_____ 11/1/19
TRUSTEE